```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
-------------------------------

CHESTER and ELLA SHULTZ,

                                       Plaintiffs,

       v.                                        7:04-cv-1208

SUNLIFE ASSURANCE COMPANY OF CANADA,
SUNLIFE FINANCIAL GROUP and
THOMAS MOCK,

                                       Defendants.

-------------------------------

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Plaintiffs Chester and Ella Shultz commenced the instant action against Defendants seeking to recover benefits under a life insurance policy. Presently before the Court is Defendant Thomas Mock's motion to dismiss the Complaint as against him for lack of personal jurisdiction.

### II.    FACTS

At all times relevant hereto, Thomas Mock was an employee and agent of SunLife Financial Group. Mock worked out of Georgia. As an employee of SunLife, Mock sold certain life insurance policies to Robert Wehle. Wehle purchased a life insurance policy from SunLife that named Plaintiffs as the owners and beneficiaries of the policy.

In September 1990, Plaintiffs (residents of New York) received a premium notice from SunLife. Plaintiffs contacted Mock. Mock orally informed Plaintiffs that they had

received the premium notice in error and that they were not responsible for any premiums due on the policy. Mock further informed Plaintiffs that Wehle had paid all premiums on the policy and that Plaintiff should disregard that and any future premium notices. Mock followed up on his oral representations by letter dated September 27, 1990. The letter was sent to Plaintiffs at their address in New York.

Wehle died in July 2002. Plaintiffs made a claim to SunLife for life insurance benefits. The claim was denied on the ground that the policy had lapsed. Plaintiffs then commenced the instant action seeking benefits under the insurance policy. Among other claims, Plaintiffs allege that Mock negligently misrepresented to Plaintiffs that the policy premiums were paid.

Defendant Mock now moves to dismiss for lack of personal jurisdiction.

### III.    STANDARD OF REVIEW

"Where . . . a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant" through its own affidavits and supporting materials. Distefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001) (internal quotation marks omitted). The Court must construe the pleadings and affidavits in the light most favorable to Plaintiff, resolving all doubts in his favor. See CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986); Distefano, 286 F.3d at 84.

### IV.    DISCUSSION

Plaintiffs first argue that Mock is subject to personal jurisdiction under N.Y.C.P.L.R. § 302(a)(1) because, in his capacity as an agent and/or employee of SunLife, he issued a life

insurance policy to Wehle with Plaintiffs (New York residents) as owners and beneficiaries of that policy. This argument must be rejected.

Section 302(a)(1) allows for personal jurisdiction over any non-domiciliary who "in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." Mock, personally, did not contract to supply services in New York. Rather, it was SunLife who, through its agent, Mock, contracted to provide life insurance to Wehle. Moreover, this was not a contract to supply goods or services in New York. The insurance policy was negotiated outside of New York, the policy was issued outside of New York, and the insured life (Wehle) did not reside in New York. The only connection with New York is that the beneficiaries were noted to be residing in New York. This is an insufficient basis upon which to assert jurisdiction under § 302(a)(1). See Am. Recreation Group, Inc. v. Woznicki, 87 A.D.2d 600, 601 (2d Dep't 1982) (holding that a promissory note executed outside of New York, but payable in New York was insufficient to sustain jurisdiction under § 302(a)(1)). Here, payment to a beneficiary who was residing in New York was simply an incidental and fortuitous aspect of the underlying insurance transaction.

Similarly, Mock's telephone conversation with Plaintiffs (which was initiated by Plaintiffs) and the letter he sent to Plaintiffs advising them that they do not need to pay premiums on the policy do not qualify as transacting business in New York. See Deutsche Bank Securities, Inc. v. Montana Bd. of Investments, — N.Y.S.2d —, —, 2005 WL 1389370, at *3 (1st Dep't 2005) (noting that telephone calls and letters, in and of themselves, generally are not enough to establish jurisdiction); see also Landau v. New Horizon Partners, Inc., 2003 WL 22097989, at *5 (S.D.N.Y. 2003) (and cases cited therein). These limited

communications were not used to by Mock to actively participate in business transactions in New York.

Plaintiffs next assert C.P.L.R. § 302(a)(3)(ii) as a basis for personal jurisdiction. That section provides for personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state . . . if he expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Here it alleged that Mock committed the tort of negligent misrepresentation out of state, that the negligent misrepresentation was made to New York residents, and, therefore, it was reasonably foreseeable that the misrepresentation could cause injury to a person within the state. The Court agrees.

Section 302(a)(3)(ii) also requires, however, a showing that Mock "derives substantial revenue from interstate or international commerce." The sole evidence in support of this element is that Mock has had customers from states other than Georgia. At this stage, it is impossible to tell whether Mock individually derives substantial revenue from interstate or international commerce. Thus, the Court finds that discovery limited to this issue would be appropriate.

Assuming, however, that Plaintiffs can demonstrate that Mock derives substantial revenue from interstate or international commerce, or that there otherwise is a statutory basis for exercising jurisdiction, the Court finds that exercising personal jurisdiction over Mock would offend notions of due process. In assessing the exercise of personal jurisdiction under the due process clause, the Court must consider "whether the defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Bank Brussels Lambert v. Fiddler

Gonzalez & Rodriguez, 305 F.3d 120, 127 (2d Cir. 2002) (internal quotations and alterations and citations omitted).  "Where the claim arises out of, or relates to, the defendant's contacts with the forum --*i.e.*, specific jurisdiction– minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." Id. (internal quotations and citation omitted).  The mere foreseeability of causing injury in another state is insufficient to satisfy due process.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

It cannot be said that Mock purposely availed himself of the privileges of conducting activities in New York, thus invoking the benefits and protections of its laws, simply because a New York beneficiary was indicated on a life insurance policy issued by SunLife outside of New York to a non-New York resident.  Moreover, although there were some limited communications between Mock in Georgia and Plaintiffs in New York, nothing about these communications demonstrates purposeful availment.  Mock, himself, did nothing to create any substantial connection with New York.  See Burger King, 471 U.S. at 475.  The undisputed evidence before the Court is that Mock has not been in New York since approximately 1971; as a life insurance agent, he provided services to clients in Georgia and Alabama (not New York); Mock's communications with Plaintiffs (one telephone call and one letter) were responses to inquiries by Plaintiffs; Mock has not entered into any contract to supply goods or services into New York; he does not derive any revenue from sales in New York; he does not own any property in New York; and he does not otherwise have any connection with New York.  Moreover, there is no evidence that Mock has ever solicited business in New York.

Based on the foregoing, the Court finds that Mock did not purposefully avail himself of the privilege of doing business in New York and could not reasonably foresee being haled into a court here. It simple cannot be said that Mock purposefully directed his activities to residents of New York. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Because there are insufficient minimum contacts between Mock and New York, the due process clause precludes the exercise of personal jurisdiction over him by this Court.

## V.     CONCLUSION

Defendant Mock's motion to dismiss for lack of personal jurisdiction is GRANTED and the Complaint is DISMISSED as to him in its entirety.

IT IS SO ORDERED.

Dated:    June 30, 2005

Thomas J. McAvoy
Senior, U.S. District Judge